UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTONIO D. McCASTER, Petitioner, v. WARDEN, Respondent. | CAUSE NO. 3:21-CV-592-RLM-MGG |

OPINION AND ORDER

Antonio D. McCaster, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for cocaine dealing under Case No. 79D02-1302-FA-2. Following a trial, on October 16, 2013, the Tippecanoe Superior Court sentenced him as a habitual offender to fifty years of incarceration. The court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Section 2254 Habeas Corpus Rule 4.

Mr. McCaster's petition argues that he is entitled to habeas relief due to state court errors during post-conviction review, including denying him an evidentiary hearing, denying him authorization to file a successive petition, and dismissing his petition as an unauthorized successive petition. Because there is no constitutional right to post-conviction proceedings, these claims don't present valid grounds for habeas relief. See Pennsylvania v. Finley, 481 U.S. 551, 557 (1987).

Mr. McCaster also argues that that he is entitled to habeas relief based on his wrongful arrest and prosecutorial misconduct in filing criminal charges against him and at trial. The statute of limitations for habeas petitions states as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The date on which the judgment became final is the applicable starting point for calculating timeliness. According to Mr. McCaster's petition, the Indiana Supreme Court denied transfer on direct review on September 18, 2014.

2

The conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for petitioning the Supreme Court of the United States for a writ of certiorari expired on December 17, 2014. See U.S. Sup. Ct. R. 13(1) (petition for writs of certiorari must filed within 90 days after entry of judgment); Jimenez v. Quarterman, 555 U.S. 113, 119 (2009) (when a state prisoner does not petition the Supreme Court of the United States on direct appeal, his conviction becomes final when the time for filing a petition expires). Mr. McCaster initiated post-conviction proceedings 96 days later, on March 23, 2015, and the Court of Appeals of Indiana dismissed the appeal on March 15, 2017 because Mr. McCaster didn't file a brief. Mr. McCaster filed a civil lawsuit on November 7, 2016, which was terminated when the Indiana Supreme Court denied the petition to transfer on October 15, 2019. For purposes of this order, the court will assume that Mr. McCaster's civil lawsuit is collateral review that tolls the limitations period.[1]

Mr. McCaster continued to seek post-conviction relief by filing unauthorized successive petitions and by unsuccessfully seeking authorization to file successive petitions. Neither of these actions toll the federal limitations period. See Martinez v. Jones, 556 F.3d 637, 638-639 (7th Cir. 2009) ("[W]here state law requires pre-filing authorization—such as an application for permission to file a successive petition—simply taking steps to fulfill this requirement does

---

[1] It's unlikely that Mr. McCaster's civil lawsuit could amount to collateral review, but the Supreme Court has broadly defined collateral review as "judicial review that occurs in a proceeding outside of the direct review process," Wall v. Kholi, 562 U.S. 545, 560 (2011), and the specific details of that civil lawsuit haven't been provided for the court's consideration.

not toll the statute of limitations. Instead the second petition tolls the limitations period only if the state court grants permission to file it."). Consequently, the collateral review proceedings were no longer tolled as of October 15, 2019. The federal limitations period expired two hundred sixty-nine days later on July 10, 2020. Mr. McCaster didn't file the petition in this habeas case until July 28, 2021. Because Mr. McCaster filed the petition a year too late, the court denies the petition as untimely.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). There is no basis for finding that reasonable jurists would debate the correctness of today's procedural ruling or for encouraging Mr. McCaster to proceed further, and a certificate of appealability is denied.

For these reasons, the court:

(1) DISMISSES the habeas petition (ECF 1) because it is untimely;

(2) DENIES Antonio D. McCaster a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on August 18, 2021

>	s/ Robert L. Miller, Jr.
>	JUDGE
>	UNITED STATES DISTRICT COURT